UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
FRANCES SPENCE DE GANAY,

               Plaintiff,

          - against -            **MEMORANDUM AND ORDER**

THIERRY DE GANAY, SOCIETE PAC,    11 Civ. 6490 (NRB)
S.A., JEAN-LOUIS LARIVIERE,
BRIGITTE RICHARD, THIERRY LEGER,

               Defendants.
--------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

## I. Introduction

Presently before the Court is plaintiff Frances Spence de Ganay ("plaintiff")'s motion for reconsideration of our Memorandum and Order of December 6, 2012, denying her motion for default judgment and dismissing her complaint for lack of personal jurisdiction. See de Ganay v. de Ganay, No. 11 Civ. 6490 (NRB), 2012 WL 6097693 (S.D.N.Y. Dec. 6, 2012). For the following reasons, plaintiff's motion is denied.

## II. Background

This is a common law fraud action commenced by plaintiff against several defendants, including her former spouse, Thierry de Ganay, based on allegedly false statements made by defendants in the course of judicial proceedings relating to plaintiff's divorce. The alleged misrepresentations primarily concern

whether a Paris apartment lived in by plaintiff and her ex-husband was a marital residence for purposes of their prenuptial agreement, such that the personal property within the apartment should have been distributed to plaintiff.  We need not recount additional details of the parties' dispute here, as they are set out in our Memorandum and Order of December 6, 2012, see de Ganay, 2012 WL 6097693, at *1-*4, and thus we will proceed directly to the procedural history.

Plaintiff filed her complaint on September 16, 2011.  After defendants had not answered or otherwise responded within twenty-one days of service, plaintiff moved for default judgment on April 22, 2012.  Mr. de Ganay filed an opposition on June 20, 2012, arguing inter alia that we do not have personal jurisdiction over him.  Def.'s Mem. of Law in Opp. to Request to Enter Default 9-15.  Plaintiff did not submit a reply.

On December 6, 2012, we issued a Memorandum and Order denying plaintiff's motion for default judgment and dismissing her complaint for lack of personal jurisdiction.  See de Ganay, 2012 WL 6097693.  We observed that "the only available [statutory] basis for personal jurisdiction is [Federal Rule of Civil Procedure] 4(k)(1)(A), establishing jurisdiction over a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.'"  Id. at *5 (quoting Fed. R. Civ. P. 4(k)(l)(A)).

However, plaintiff had not demonstrated that general personal jurisdiction exists under N.Y. C.P.L.R. § 301, id., nor had he demonstrated that specific personal jurisdiction exists under N.Y. C.P.L.R. § 302, id. at *6-*7. On this basis, we denied plaintiff's motion for default judgment and dismissed her complaint. See id. at *7-*8.

On February 25, 2013, plaintiff moved for reconsideration of our Memorandum and Order of December 6, 2012.[1] Mr. de Ganay filed an opposition on March 12, 2013, and plaintiff filed her reply on March 19, 2013.

### III. Discussion

### A. Legal Standard

Plaintiff moves for reconsideration pursuant to Local Civil Rule 6.3.[2] "Reconsideration is appropriate only where a court

---

[1] By letter endorsement dated January 22, 2013, we had granted plaintiff an extension of time within which to make such a motion.

[2] Local Civil Rule 6.3 provides:

> Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the Court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the Court.

Local Civ. R. 6.3.

has overlooked controlling decisions or facts presented in the underlying motion which, had they been considered, might reasonably have altered the result of the initial decision."[3] In re Fosamax Prods. Liab. Litig., 815 F. Supp. 2d 649, 651-52 (S.D.N.Y. 2011) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Because the remedy of reconsideration does not provide relief "where a party failed to present relevant factual or legal arguments," id. at 651, a party seeking reconsideration "may not advance new facts, issues or arguments not previously presented to the Court," id. (quoting E.E.O.C. v. Fed. Express Corp., 268 F. Supp. 2d 192, 199 (E.D.N.Y. 2003)). Reconsideration is "an extraordinary remedy to be employed sparingly," given the interests of finality and conservation of scarce judicial resources, Small v. Nobel Biocare USA, LLC, Nos. 05 Civ. 3225 (NRB), 06 Civ. 683 (NRB), 2012 WL 952396, at *1 (S.D.N.Y. Mar. 21, 2012) (quoting Liu v. Credit Suisse First Boston Corp. (In re Initial Pub. Offering Sec. Litig.), 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005)) (internal quotation mark omitted), and "[t]he decision to grant or deny a motion for reconsideration is within 'the sound

---

[3] Reconsideration may also be appropriate "where the movant demonstrates that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." Small v. Nobel Biocare USA, LLC, Nos. 05 Civ. 3225 (NRB), 06 Civ. 683 (NRB), 2012 WL 952396, at *1 (S.D.N.Y. Mar. 21, 2012) (quoting Padilla v. Maersk Line, Ltd., 636 F. Supp. 2d 256, 259 (S.D.N.Y. 2009)) (internal quotation marks omitted).

discretion of the district court,'" <u>id.</u> at *2 (quoting <u>Families</u>
<u>for Freedom v. U.S. Customs & Border Protection</u>, No. 10 Civ.
2705 (SAS), 2011 WL 4599592, at *2 (S.D.N.Y. Sept. 30, 2011)).

### B. Analysis

In her motion for reconsideration, plaintiff argues that
our decision of December 6, 2012, was in error because we
overlooked allegations in her complaint that allegedly support
personal jurisdiction under CPLR section 302(a)(2).  Pl.'s Mem.
of Law 4; Frances Spence de Ganay Affirmation (Feb. 25, 2013)
¶ 3.  Section 302(a)(2) provides for personal jurisdiction over
any person who, either himself or through an agent, "commits a
tortious act within the state," where plaintiff's cause of
action arises from that tortious act.   N.Y. C.P.L.R.
§ 302(a)(2).

Here, plaintiff argues that her claim, "far from being
limited to 'misrepresentations to French courts in
France,' . . . is also founded upon fraudulent representations
to state and federal courts in New York."  Pl.'s Mem. of Law 5
(quoting <u>de Ganay</u>, 2012 WL 6097693, at *7).  Plaintiff cites
sections of her complaint in which she alleged that defendants
secured recognition of the French divorce judgment in New York
by representing to New York state and federal courts that
plaintiff and her husband resided in France, allegedly in
contradiction to defendants' representations to French courts

that the Paris apartment was not a marital residence.  See id. at 5-7 (citing Compl. ¶¶ 53-54, 56-60).  Additionally, plaintiff cites her allegation that "Mr. de Ganay's attorney, Robert Michaels, made efforts to conceal the fraud on the French courts by stating [to a New York state court] . . . that '[n]o extrinsic or intrinsic fraud occurred in the adjudication resulting in the French Judgments.'"  Id. at 8 (quoting Compl. ¶ 61) (internal quotation marks omitted).  According to plaintiff, these misrepresentations justify personal jurisdiction under section 302(a)(2) because they were made by agents of Mr. de Ganay in New York and "were the sine qua non of the injury to plaintiff: without recognition of the French decrees by the New York courts, those decrees would not have force and effect and the divorce action commenced by plaintiff in New York would not have been dismissed."  Id.

Plaintiff's argument is unconvincing, for three reasons. First, although Mr. de Ganay had argued in his opposition to plaintiff's motion for default judgment that we lacked personal jurisdiction, indeed, specifically that we lacked jurisdiction under section 302(a)(2), plaintiff opted not to submit a reply brief.  In light of plaintiff's failure to avail herself of that opportunity, it is not clear that she may assert her jurisdictional arguments now in a motion for reconsideration. Plaintiff certainly has not demonstrated that her present

arguments could not have been raised in briefing her motion for default judgment.

Second, even putting aside the above concern, reconsideration is not warranted because plaintiff has not shown that we overlooked allegations that would have led us to reach a different outcome.  As discussed above, CPLR section 302(a)(2) provides for personal jurisdiction only when plaintiff's cause of action arises from a tortious act committed by defendant in New York.  However, the single cause of action asserted in plaintiff's complaint is for common law fraud allegedly committed by defendants against French courts.  See Compl. ¶ 80 ("The misrepresentations and material omissions described above were made with the intent to induce reliance by French Courts to the detriment of plaintiff."); id. ¶ 81 ("The French Courts relied on the above representations to plaintiff's detriment by, among other things, issuing orders that deprived plaintiff of valuable property.").  Even if plaintiff's complaint contains allegations that might have supported a cause of action for fraud against state and federal courts in New York, plaintiff did not assert such a claim.[4]  Because plaintiff does not assert

---

[4] Although the pleadings of a pro se plaintiff "should be liberally construed to raise the strongest argument that [they] suggest[ ]," Williams v. United States, Nos. 09 Civ. 2179 (NRB), 00 Cr. 1008 (NRB), 2013 WL 239839, at *2 (S.D.N.Y. Jan. 23, 2013) (alterations in original) (quoting Voss v. United States, 360 F. App'x 239, 240 (2d Cir. 2010)) (internal quotation marks omitted), we need not liberally construe plaintiff's complaint because plaintiff was represented by counsel at the time she filed her complaint.

a cause of action that arises from a tortious act committed by defendants in New York, section 302(a)(2) does not support personal jurisdiction over defendants.

Third, even looking past how plaintiff formally framed her claim, a brief review of plaintiff's allegations reveals that the alleged misrepresentations occurred in France, not New York. According to plaintiff, defendants told two different stories to French courts and to state and federal courts in New York.  To French courts, defendants allegedly argued that the Paris apartment was not the parties' marital residence, so that plaintiff would not receive the personal property contained within it under her prenuptial agreement.  To New York courts, by contrast, defendants allegedly argued that the apartment was the parties' marital residence, so that New York courts would grant comity to the French divorce judgment.  Plaintiff's position is that the Paris apartment was, in fact, her and her ex-husband's marital residence.  Under her theory, therefore, defendants lied to French courts, but told the truth to New York courts.  Thus, assuming <u>arguendo</u> that plaintiff's allegations are true, defendants' statements to New York courts were not false or misleading.  Moreover, for that reason, it makes sense

---

Thus, we may evaluate plaintiff's single cause of action as it was pleaded, which, as discussed above, asserts fraud only against French courts.

that plaintiff pleaded her cause of action for fraud based solely on defendants' statements in France.[5]

In short, CPLR section 302(a)(2) does not support personal jurisdiction over defendants because plaintiff's cause of action does not arise from tortious acts committed by defendants in New York.  Therefore, our Memorandum and Order of December 6, 2012, correctly found that we do not have personal jurisdiction, and plaintiff has not met her burden of showing that we overlooked allegations that would have led us to a contrary result.

### IV. Conclusion

For the reasons stated above, plaintiff's motion for reconsideration is denied.  This Memorandum and Order resolves docket entry no. 25.

---

[5] In addition to allegedly arguing before New York courts that plaintiff and her ex-husband were domiciled in France, defendants also allegedly stated that "[n]o extrinsic or intrinsic fraud occurred in the adjudication resulting in the French Judgments.'" Compl. ¶ 61 (alteration in original). Taking plaintiff's allegations as true, this statement might qualify as a misrepresentation by defendants in New York.  However, even if so, the fact remains that the only cause of action asserted by plaintiff in her complaint was a fraud on French courts.  As discussed above, given that plaintiff was represented by counsel when she submitted her complaint, she may be held to the legal theory she asserted.

**SO ORDERED.**

Dated:     New York, New York
           April 29, 2013

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

Plaintiff:
Frances Spence de Ganay
120 East 87th Street
New York, NY 10128

Counsel for Defendant Thierry de Ganay:
John F. Lang, Esq.
Danielle Kiwak, Esq.
Law Offices of John F. Lang
60 East 42nd Street, Suite 4600
New York, NY 10165